DECISION
This case presents the issue of whether a tenant may be evicted for failure to comply with the provisions of R.I.G.L. § 34-18-24(10) for failure to refrain from a "crime of violence" on the premises when the tenant is not charged or convicted of said offense as defined in the statute.
The facts of the case are as follows:
Defendant was (and continues to be) a tenant in plaintiff's property. On or about April 16, 2003 an altercation ensued whereby the defendant struck a person in charge of the plaintiff's office, with a telephone, causing said person to suffer a fractured nasal bone. As a result of defendant's action she was arrested and charged with simple assault. She subsequently entered a nolo plea to said charge and the matter was filed under R.I.G.L. § 12-10-12, conditioned on the defendant paying restitution and court costs. Subsequent to the assault the plaintiff sent a written notice to the defendant terminating her tenancy for breach of the tenant's statutory obligations under R.I.G.L. § 34-18-24(10), followed by the filing of a complaint for eviction.
Defendant objected to the eviction on the basis that R.I.G.L. §34-18-36 requires a written notice to the tenant if there is a non-compliance with the rental agreement, affording the tenant twenty days to cure said breach, and that the notice did not provide said right to cure. The defendant further argues that the only exception to the right to cure, namely, violation of subsections 8, 9 or 10 of R.I.G.L § 34-18-24 did not apply to her because she was not convicted of a crime of violence and, accordingly, did not fall within the exception and should have been given a right to cure.
 ANALYSIS
The provisions of R.I.G.L. § 34-18-36 require a written notice to the tenant if there is a "material non-compliance with the rental agreement or a non-compliance with § 34-18-24 materially affecting health and safety." The notice must specify the acts and/or omissions constituting the breach, the acts necessary to remedy the breach and a twenty day period to remedy the breach. Failure to remedy the breach allows the landlord to commence an eviction action.
The only exceptions to the "right to cure" are if the notice sets forth a violation of R.I.G.L. § 34-18-24, subsections 8, 9. 10.[1]
If the tenant has violated subsections 8, 9 or 10, the landlord may immediately file a complaint for eviction without the requisite notice and right to cure.
The plaintiff acknowledges that the defendant was neither charged or convicted of any of the felonies listed in subsection 10 nor did the defendant violate subsections 8 or 9. Plaintiff, however, contends that defendant's action in striking plaintiff's agent with a cordless telephone, resulting in a fracture of the nasal bone, conforms with the type of conduct prohibited in R.I.G.L. § 34-18-24(10).
The defendant urges that this Court must find that the plaintiff show evidence that a crime of violence was committed by introducing a charge and some resolution of that charge in order to proceed by way of summary eviction under § 34-18-24(10). Defendant argues that since the charge of simple assault is a misdemeanor, it does not rise to the level of a felony crime of violence and, accordingly, defendant is entitled to a non-compliance notice with the right to cure.
It is defendant's contention that the Legislature intended that the criminal justice system first adjudicate whether a felony took place and then permit the plaintiff to prove a crime of violence was committed.
The provisions of R.I.G.L. § 34-18-24(10) set forth the obligations imposed upon tenants. The first seven pertain to maintenance of the rental premises and utilities, as well as avoiding disturbances of neighbors. The remaining three obligations require the tenant to refrain from criminal activity.
Violation of any of the first seven obligations require notice to the tenant of the nature of the violation, the acts necessary remedy the violation, and a right to cure within twenty days. The remaining three violations, subsections 8, 9 an 10, do not require notice or a right to cure. None of these subsections require a charge or a conviction. They merely describe criminal conduct for which a landlord does not have to offer a right to cure. Defendant attempts to distinguish section 8 and 9 from section 10 by arguing that the crime of violence must be charged or a conviction occur in order to avoid the right to cure provision of the statute. However, section 10 makes no such requirement. It only defines the conduct that the tenant shall be obligated to refrain from committing.
This Court finds that the conduct prohibited in sections 8, 9 and 10 is the type of conduct for which there is no right to cure.
The actions of the defendant amount to an assault with a dangerous weapon, or an attempt to commit said crime. The fact that the defendant was not charged or convicted of assault with a dangerous weapon or felony assault with intent to commit said crime is of no consequence.
If the Legislature intended to require a conviction or criminal charge, language would have been set forth in the statute.
The legislative intent was to allow a landlord to rid its property of tenants who commit conduct of a serious criminal nature. To find otherwise would allow for some absurd results. For example, if a tenant committed a sexual assault on a neighbor in an apartment house, would the tenant be permitted to remain and be given a right to cure if the charge were reduced to a simple assault as a result of a plea bargain? Obviously, this was not the legislative intent. The mere attempt to commit a crime of violence, whether charged or not, is sufficient regardless of the outcome.
In this case there was an attempt to commit an assault with a dangerous weapon. The attempt was successful. The subsequent charge and plea to a simple assault is not controlling. The conduct is the essential element.
As such the eviction action requires no condition precedent such as an arrest or conviction, and accordingly, judgment may enter for the plaintiff for possession and costs.
[1] The relevant section, § 34-18-24, in its entirety, reads as follows: "A tenant shall: . . .
(8) Refrain from using any part of the premises in a manner such as would constitute the maintaining of a narcotics nuisance under the provisions of § 21-28-4.06;
(9) Refrain from using any part of the premises or any public property adjacent thereto for the manufacture, sale or delivery of the controlled substance or from possessing on the premises or any public property adjacent thereto with the intent to manufacture, sell, or deliver a controlled substance classified in I or schedule II of chapter 28 of title 21;
(10) Refrain from any crime of violence on the premises or on any public property adjacent to said premises. A "crime of violence" means and includes any of the following crimes or an attempt to commit any of the following crimes: murder, manslaughter, arson, rape, sexual assault, mayhem, kidnapping, assault with a dangerous weapon, assault or battery involving grave bodily injury, and a felony assault with intent to commit any offense.